Lipscomb, J.
The record is in a very imperfect state; it does not show any of the proceedings before the justice of the peace and it does not appear to have been tried in the county court de novo. It has been argued by the counsel for the plaintiffs in error that the district court had quashed the certiorari under the influence of the 13th section of the act of congress approved December 20, 1836 (1 Laws Texas, 151), which limits the -right of appeal to sums not under two hundred dollars. The act of 1839 (3 Laws Texas, 82) tabes from the county court all original jurisdiction in the trial of causes, but leaves the court appellate jurisdiction with this modification, that appeals should be tried without the intervention of a jury. The proceedings were commenced and taken to the county court when this last act was in force. It is contended that the court erred in quashing the certiorari', that the act of congress limiting the right of appeal to sums not under two hundred dollars is unconstitutional. If the certiorari was free from all other objections, we might reasonably suppose that the judgment of the court was on the ground assumed and be compelled to decide whether it afforded a sufficient ground to support that judgment. But unless it was so necessary we will never ■ travel out of the record and adjudicate the grave question of the constitutionality of an act of the legislature, when that act had not influenced the judgment of the court below. The record does not. inform us what was the ground on which the certiorari was quashed;:: but the presumption is that it was not on the ground supposed by t-lie= counsel for the plaintiffs in error. If it had been so, it is most probable that the order would have been to dismiss for want of jurisdiction. The very fact of quashing the certiorari raises the inference-that it ivas for some irregularity or defect in the proceedings; and the-presumption is strengthened by the fact that the petition for-the cer-tiorari is in the name of one of the defendants only and describes, the judgment to be against himself, whereas the judgmmt; of. tha *(226) county court, which he wishes to revise, is against himself and Mc-Anelly, his security in the appeal. The description of the judgment-should have been substantially correct; in this it was manifestly defective, and for this it ought to have been quashed. The district court, after quashing the certiorari, proceeded to render judgment against Ilopson and his security, McAnelly, for the amount of the judgment of the county court, with interest and costs. This judgment is certainly erroneous, as the certiorari, the process which brought the case into court, having been quashed, the judgment should have been for cost only on the motion to quash; because after the motion had been sustained, the cause was not before the court. The action of the district court in quashing the certiorari left the judgment in the county court, as though no certiorari had been ever awarded. For this reason the judgment of the district court of Harris county must be reversed and the cause remanded for the proper judgment to be entered in that court.